**Order entered March 20, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00259-CR

**THOMAS JASON THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81178-2011**

## ORDER

The Court **REINSTATES** the appeal.

On November 16, 2012, we ordered the trial court to make findings regarding why appellant's brief has not been filed. The findings were due within thirty days. On December 21, 2012, we received a request from the trial court for additional time to conduct the hearing. To date, we have not received the trial court's findings, appellant's brief, or response to our February 11, 2013 letter inquiring about the status of the findings. The appeal cannot proceed until the issue of appellant's brief is resolved.

Accordingly, this Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742

S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). The trial court shall specifically determine the following:

- Whether appellant desires to pursue the appeal;

- Whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(*b*). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel;

- Counsel's explanation for the failure to file appellant's brief; and

- The date by which appellant's brief will be filed.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **TWENTY-ONE DAYS** of the date of this order. If the trial court determines new counsel should be appointed, the supplemental record shall contain the order appointing new counsel.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable John Roach, Jr., Presiding Judge, 296th Judicial District Court, and to counsel for all parties.

The appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated twenty-one days from the date of this order or when the findings are received, whichever is earlier.

s/  DAVID EVANS<br>
   JUSTICE
